IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

UNITED STATES OF AMERICA,

                                                                 ORDER

              Plaintiff,

                                                3:07-cv-00504-bbc
                                                3:06-cr-00108-bbc

     v.

JOHNNY J. NEWMAN,

              Defendant.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

      Defendant Johnny J. Newman has filed a timely motion for postconviction relief, pursuant to 28 U.S.C. § 2255.  He contends that his counsel was ineffective at trial for not arguing that defendant should receive a reduction for acceptance of responsibility.  (It is not clear from his filing whether he thinks the reduction should have been four levels or three because he refers to both.)  He contends that the ineffectiveness extended to not requesting a psychological evaluation of defendant prior to trial.  In addition, he notes that the Sentencing Commission has just amended its guidelines to reduce the criminal history points assessed for certain misdemeanors and petty crimes and he asks for relief under Amendment "12," which went into effect on November 1, 2007.  (I assume he means Amendment 709.)

1

Finally, he asks that the court consider applying Amendment "9," which reduces the base offense levels for crack cocaine offenses. (I assume he is referring to Amendment 706.)

Unfortunately for defendant, his motion must be denied in its entirety. His challenge to his attorney's failure to argue more vigorously for a reduction for acceptance of responsibility fails because he cannot show that his attorney's representation fell below the minimal level of competency required of criminal defense counsel. In fact, defendant acknowledges that his attorney did argue on his behalf for a reduced offense level because of his allegedly minor or minimal involvement in the distribution of crack cocaine; counsel's alleged failure was in not continuing to argue in reply to the government's argument. Defendant's counsel's argument was thorough and detailed and backed up by a lengthy written statement submitted to the court before sentencing, explaining exactly why counsel believed defendant should be given a reduction in offense level for his role in the criminal conduct. Defendant lost his request for a reduction in his offense level not because of any failing of his attorney but because the facts before the court did not justify such a reduction.

In the end, it would not have mattered if defendant's counsel had said nothing at all on the issue of defendant's role in the offense. Because defendant qualified as a career offender under the sentencing guidelines, § 4B1.1(a), that status determined his ultimate offense level. As a career offender, his offense level was 34, which was the same offense level as the base offense level for a crime involving at least 150 grams but less than 500 grams of

2

cocaine. If the career offender guideline did not govern, a reduction for a minor or minimal role in the offense could have brought defendant's offense level as low as 30 (for a reduction of 4), with a correspondingly lower guideline sentence. However, the guidelines provide that when there are two offense levels, one of which is for career offender status, the court is to apply the higher of the two levels. § 4B1.1(b)(B). Thus, even if defendant's non-career offender offense level was as low as 30, his offense level for sentencing guideline purposes would have been the higher one of a career offender.

As for counsel's failure to ask for a psychological evaluation of defendant prior to trial, the record discloses no reason why defendant would have needed one. It is true that his education level is low, that he is unable to read or write well and that the probation office suspected mental health issues, but defendant displayed no lack of comprehension of the proceedings or of the charges against him. There was no indication in the record or from his conduct in the courtroom that his mental state might have been a contributing factor in his offense.

I turn next to defendant's request for re-sentencing in light of the Sentencing Commission's recent amendment relating to the assessment of criminal history points for certain misdemeanors and petty crimes. I cannot find an amendment that relates to points for misdemeanors and petty crimes other than Amendment 709, which includes some language about local ordinance violations. Defendant was not assessed any points for local

3

ordinance violations, so he cannot benefit from any change in the way those sentences are computed. In any event, the commission has not given that amendment retroactive effect. Even if it had and even if it related to defendant's criminal history score, defendant's status as a career offender makes the calculation of his criminal history score a moot point. Section 4B1.1(b) provides that "[a] career offender's criminal history category in every case under this subsection shall be Category VI."

Finally, defendant asks that the court consider giving him the benefit of Amendment [711], which reduces offense levels for crack cocaine crimes. That amendment will not have retroactive effect until March 3, 2008, so defendant's motion is premature. It is also doomed to fail. Unfortunately for defendant, his status as a career offender means that he was sentenced on the offense level attributable to that status. As explained above, even if defendant could succeed in showing that his non-career offender offense level should be reduced by two levels, it would not affect his guideline calculation because the higher offense level for career offender overrides the other offense level.

ORDER

IT IS ORDERED that defendant Johnny J. Newman's motion for postconviction relief under 28 U.S.C. § 2255 is DENIED for his failure to show that he is in custody

4

illegally.

    Entered this 18th day of December, 2007.

                                      BY THE COURT:
                                      /s/
                                      BARBARA B. CRABB
                                      District Judge

Case: 3:06-cr-00108-bbc Document #: 89 Filed: 12/19/07 Page 5 of 5